1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUTH ALLEE-SINGH,

11                  Plaintiff,                 No. 2:12-cv-2021 EFB P

12          vs.

13   VICORY, et al.,

14                  Defendants.                <u>ORDER</u>

15   _____/

16          Plaintiff is a former county inmate proceeding without counsel in this civil action.  This

17   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

18          Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff

19   has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and

20   costs or give security therefor.  Accordingly, the request to proceed *in forma pauperis* will be

21   granted.  28 U.S.C. § 1915(a).  Determining plaintiff may proceed *in forma pauperis* does not

22   complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

23   dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is

24   frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

25   relief against an immune defendant.

26   ////

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff alleges that unidentified jail officials used excessive force against her. Excessive force claims are analyzed under the "objective reasonableness" standard of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 388

1  (1989).  This inquiry "requires a careful balancing of 'the nature and quality of the intrusion on

2  the individual's Fourth Amendment interests' against the countervailing governmental interests

3  at stake." *Id.* at 396.  An individual defendant is not liable on a civil rights claim unless the facts

4  establish the defendant's personal involvement in the constitutional deprivation or a causal

5  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

6  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

7  (9th Cir. 1978).  Here, plaintiff's complaint fails to state a cognizable excessive force claim

8  because it does not link any identifiable defendant to the alleged deprivation of plaintiff's

9  constitutional rights.  Because the complaint fails to state a claim for relief, it must be dismissed.

10       Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

11  cognizable legal theory against a proper defendant and sufficient facts in support of that

12  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

13  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

14  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

15  shall clearly set forth the claims and allegations against each defendant.  Any amended

16  complaint must cure the deficiencies identified above and also adhere to the following

17  requirements:

18       Any amended complaint must identify as a defendant only persons who personally

19  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

20  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

21  constitutional right if he does an act, participates in another's act or omits to perform an act he is

22  legally required to do that causes the alleged deprivation).   It must also contain a caption

23  including the names of all defendants.  Fed. R. Civ. P. 10(a).

24       Any amended complaint must be written or typed so that it so that it is complete in itself

25  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

26  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints).

Plaintiff requests that the court appoint counsel.  District courts lack authority to require

counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*

*Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

(9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560

F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no

exceptional circumstances in this case.

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

*See* E.D. Cal., Local Rule 110.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis* (Dckt. No. 2) is granted;

2.  Plaintiff's request for appointment of counsel (Dckt. No. 3) is denied;

3.  Plaintiff's complaint is dismissed with leave to amend; and,

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

complaint.  The amended complaint must bear the docket number assigned to this case and must

be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance

with this order may result in this action being dismissed.

Dated:  November 13, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE